UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:13-cr-534-T-23AAS
 8:15-cv-946-T-23AAS

QUINTON JUSTIN DAVIS
_____/

# **O R D E R**

Davis's moves under 28 U.S.C. § 2255 (Doc. 1) to vacate his sentence and challenges the validity of his conviction for possessing a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Davis pleaded guilty and, under the terms of a plea agreement, the district court sentenced Davis to imprisonment for 180 months as an armed career criminal. Davis's motion to vacate asserts three grounds for relief. The United States opposed each ground (Docs. 5 and 9) and Davis never replied or otherwise contacted the district court about this action.

The first ground faults counsel for not appealing. The United States opposed the claim with an affidavit from Davis's former counsel, who represented that on several occasions he discussed with Davis his appellate rights and that Davis did not want to appeal but to instead pursue a reduced sentence through cooperation. The district court cautioned Davis that if he fails to respond the district court will both deem the testimony of his former counsel as stipulated by Davis and deny the claim. When Davis failed to respond an earlier order (Doc. 7) accepted counsel's

representations and denied the first ground. The second ground alleges that counsel rendered ineffective assistance by not investigating Davis's criminal history to determine that he lacks the requisite prior convictions to qualify for a sentence under the Armed Career Criminal Act ("ACCA"). The third ground alleges that, based on his ineligibility for a sentence under the ACCA, his current sentence exceeds the statutory maximum. The motion to vacate lacks merit.

## I. FACTS[1]

On October 17, 2013, Sarasota Police arrested Davis on an outstanding warrant. Pursuant to the arrest, they located a Glock 22 .40 caliber handgun, serial number CBU638US, in Davis's waistband. The firearm was loaded with eight rounds of Winchester .40 caliber ammunition. Davis knowingly possessed the firearm and ammunition. The firearm was manufactured outside the State of Florida and therefore traveled in interstate commerce.

Before Davis possessed the firearm, he had been convicted in a court of crimes punishable by imprisonment for a term in excess of one year, that is, felony offenses, including,

> Sale or Delivery of Cocaine within 1000 Feet of a Convenience Business, in Case Number 2010 CF 004835, before the Circuit Court for the Twelfth Judicial Circuit, in and for Sarasota County, Florida, on January 3, 2011;
>
> Possess with Intent to Sell, Manufacture or Deliver a Controlled Substance, in Case Number 2010 CF 004835, before the Circuit Court for the Twelfth Judicial Circuit, in and for Sarasota County, Florida, on January 3, 2011;

---

[1] This summary of the facts is copied from the plea agreement. (Doc. 16 at 17)

> Possession of Firearm-Ammunition or Concealed Weapon by
> Convicted Felon, in Case Number 2006 CF 022828 NC, before
> the Circuit Court for the Twelfth Judicial Circuit, in and for
> Sarasota County, Florida, on March 1,2007; and
>
> Possession of Cocaine with Intent to Sell or Deliver, in Case
> Number 2002 CF 013703 NC, before the Circuit Court for the
> Twelfth Judicial Circuit, in and for Sarasota County, Florida,
> on June 6, 2003.

The defendant's civil rights to possess a firearm and ammunition had not been restored prior to his possession of the firearm at issue.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Davis asserts several claims of ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim, as *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains:

> The law regarding ineffective assistance of counsel claims is
> well settled and well documented. In *Strickland v. Washington*,
> 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the
> Supreme Court set forth a two-part test for analyzing ineffective
> assistance of counsel claims. According to *Strickland*, first, the
> defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment. Second, the defendant
> must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Davis must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Davis must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Although the *Strickland* standard controls a claim that counsel was ineffective for recommending that a client plead guilty, *Hill v. Lockhart*, 474 U.S. 52 (1985), *Agan v. Singletary*, 12 F.3d 1012 (11th Cir. 1994), the quantum of evidence needed to prove both deficient performance and prejudice is different. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

### III.  GROUNDS FOR RELIEF

In ground two Davis challenges his sentence as an armed career criminal under 18 U.S.C. § 924(e). Davis's indictment charged him with having four prior convictions, the same convictions admitted by Davis in the plea agreement. This admission waives the right to challenge the validity of the prior convictions, as explained in *United States v. Bennett*, 472 F.3d 825, 832–33 (11th Cir. 2006):

> Bennett's indictment charged him with having at least three prior felony burglaries and with being an armed career criminal in violation of § 924(e). At Bennett's plea colloquy, the district judge thoroughly explained to Bennett the consequences of entering a guilty plea, particularly that a guilty plea included an admission to his having three prior violent felony convictions. The district judge also apprised Bennett of the maximum

> penalties that could result from his guilty plea. After the district
> judge's thorough instructions, Bennett admitted that he had
> been convicted of three prior violent felonies. This alone
> authorized the district court to sentence Bennett as an armed
> career criminal under § 924(e).

*See also United States v. Garcia-Sandobal*, 703 F.3d 1278, 1282–83 (11th Cir. 2013) (holding that under *Bennett* Garcia-Sandobal "waived his right to appellate review" because he admitted to his prior conviction when he pleaded guilty).

Davis alleges that trial counsel rendered ineffective assistance by not challenging the calculation of his sentence, specifically, his eligibility for a sentence as an armed career criminal. Three prior convictions are required for a sentence under the ACCA. Davis argues that two of the listed convictions should count as only one conviction. Davis focuses on the state court judgment entered on January 3, 2011, in Sarasota County Circuit Court case no. 10-CF-4835. In count one of that action he was convicted of selling or delivering cocaine within 1000 feet of a convenience business and in count two he was convicted of possessing with the intent to sell or deliver a controlled substance. Davis argues that, if counted as only one conviction, he lacks the requisite three prior convictions necessary for an ACCA sentence. If correct, Davis might have only two qualifying prior convictions and not the requisite three for a sentence under the ACCA.

Davis misunderstands the governing law. The two convictions that Davis contends should count as only one conviction under the ACCA were charged in a single criminal information. Instead of the number of indictments or informations, each crime from a "separate and distinct criminal episode" qualifies as a prior

conviction for a sentence under the ACCA, as explained in *United States v. Broomfield*, 591 F. App'x 847, 852–53 (11th Cir. 2014),[2] *cert. denied*, 135 S. Ct. 1726 (2015):

> A defendant is subject to the ACCA, and to the offense-level increase in U.S.S.G. § 4B1.4, if he has three qualifying prior convictions for crimes "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(a). To be considered different occasions, the crimes must be "temporally distinct" and arise from "separate and distinct criminal episode[s]." *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (internal quotation marks omitted).

*See also United States v. Rollins*, 518 F. App'x 632, 636 (11th Cir. 2013) ("After Rollins committed the first robbery against the first victim and drove away, he had successfully completed one crime and, thus, he necessarily made the conscious decision to commit the second robbery. Because the two robberies were committed successively, rather than simultaneously, they could be considered distinct for purposes of the ACCA.") (citation omitted).

A court is limited to using only certain papers to determine the character of a prior conviction. *Shepard v. United States*, 544 U.S. 13, 16 (2005) ("[A] later court determining the character of an [offense] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."). As explained further in *United States v. Sneed*, 600 F.3d 1326, 1332–33 (11th Cir. 2010), a district court may use *Shepard* approved papers to determine whether the convictions were "committed on occasions different from one another"

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

as required by Section 924(e)(1).  *See also United States v. Overstreet*, 713 F.3d 627, 635–36 (11th Cir. 2013) ("[A] district court has the authority to apply the ACCA enhancement based on its own factual findings' that the defendant's offenses were committed on occasions different from one another.") (quoting *United States v. Weeks*, 711 F.3d 1255, 1260 (11th Cir. 2013)).  *See United States v. Felix*, 7145 F. App'x 958, 964 (11th Cir. 2017) (following *Overstreet*), *cert. denied*, 138 S. Ct. 1711 (2018).

The United States provides the *Shepard*-approved papers to prove that the two convictions entered both under the same judgment and on the same day nevertheless qualify as two separate convictions under the ACCA.  The charging information in the underlying state case, 2010-CF-004835, shows both that count one is based on Davis's sale of cocaine on April 21, 2010, and that count two is based on his possessing cocaine on February 26, 2010.  (Doc. 9-1 at 6–7)

The two prior convictions are based on crimes "temporally distinct" because each is based on a serious drug offense that occurred on a separate day.  The state prosecutor's consolidating "separate and distinct criminal episodes" into a single charging instrument is irrelevant to determining the number of prior convictions that qualify for inclusion under the ACCA.  As a consequence, Davis's challenges to the number of qualifying prior convictions lacks merit.  Contrary to his argument, Davis's criminal history qualifies him for a sentence under the ACCA.  As a consequence, Davis's claim in ground three that his sentence exceeds the statutory maximum lacks merit.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Davis, close this case, and enter a copy of this order in the criminal action.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Davis is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Davis must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Davis is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Davis must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 18, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE